IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:CR-05-443 |
| | ) | |
| v. | ) | (CHIEF JUDGE KANE) |
| | ) | |
| FRANKLIN ROBINSON, *et al.*, | ) | |
| | ) | (ELECTRONICALLY FILED) |
| Defendants. | ) | |

BRIEF OF THE UNITED STATES IN OPPOSITION
TO DEFENDANT ROBINSON'S MOTION TO COMPEL

Robinson's motion to compel is nothing more than a discovery expedition. In his motion to suppress the wiretap evidence, he alleged material omissions in the wiretap affidavits. In oral argument before the court, he recited a long list of interviews and testimony that he said established his entitlement to a *Franks* hearing. Appropriately, the court ordered him to specify for the court and the government exactly what material omissions were made in the affidavit and entitle him to a *Franks* hearing. Rather than comply with that directive, he instead seeks more information from the United States.

The court should reject his request. In *Franks v. Delaware,* 438 U.S. 154 (1978), the Court held:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, ***and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.***

*Id.* at 171 (emphasis added). The type of discovery expedition in which Robinson seeks to engage should not be countenanced by the court. Indeed, the Supreme Court opined that "[t]he requirement of a substantial showing would suffice to ***prevent the misuse of a veracity hearing for purposes of discovery or obstruction***." *Id.* at 170 (emphasis added). Having made the allegation of material omissions in the wiretap affidavits and having represented to the court at oral argument that specific items demonstrate the need for a *Franks* hearing, Robinson should now

be required to comply with the court's order and substantiate those claims.

Therefore, Robinson's motion to compel should be denied.

                Respectfully submitted,

                THOMAS A. MARINO
                UNITED STATES ATTORNEY

By:   /s/ James T. Clancy
       JAMES T. CLANCY
       ASSISTANT U.S. ATTORNEY
       P.O. Box 11754
       HARRISBURG, PA  17108-1754
       Phone:  717-221-4482
       Fax:  717-221-2246
       james.clancy@usdoj.gov
       PA54339

## CERTIFICATE OF SERVICE

In accordance with Local Rule 7.2, I hereby certify that I served the foregoing Brief by causing a true copy to be transmitted to counsel of record by electronic filing.

        Respectfully submitted,

        THOMAS A. MARINO
        UNITED STATES ATTORNEY

By:   /s/ James T. Clancy
        JAMES T. CLANCY
        ASSISTANT U.S. ATTORNEY
        P.O. Box 11754
        HARRISBURG, PA  17108-1754
        Phone:  717-221-4482
        Fax:  717-221-2246
        james.clancy@usdoj.gov
        PA54339