IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :
                            :
                            :
v.                          :    Criminal No. 1:05-CR-443-6
                            :
                            :    (Chief Judge Kane)
KENNETH BRITTON,            :
                            :
     Defendant              :

**MEMORANDUM**

Before the Court is the Government's motion to permit departure from Defendant Kenneth Britton's sentence pursuant to 18 U.S.C. 3553(e) and Rule 35 of the Federal Rules of Criminal Procedure. (Doc. Nos. 1911, 1912.) The Government requests that the Court reduce Defendant Britton's sentence by 44%, from 300 months to 168 months. This motion is concurred in by the Defendant. (Doc. No. 1915.) For the reasons that follow, the motion will be granted in part.

I.   **BACKGROUND**

On December 8, 2005, Britton was named in a multiple defendant indictment charging various crimes related to his involvement in an interstate sex trafficking conspiracy. (Doc. No. 20.) On September 21, 2007, Britton pleaded guilty to Count I (conspiracy) of the indictment at 1:CR-05-443, and also Count I (sex trafficking of minors) of a related indictment at 1:CR-06-091. (Doc. No. 1911 at 1-2.) At his change of plea hearing, Britton admitted to being a member of the overall conspiracy and to the trafficking of at least one juvenile. (Plea Tr. at 21:5-22:7.) Britton's Pre-Sentence Investigation Report ("PSR") details some of the violent interactions that Britton had with the victims of the conspiracy:

> "B.B." told police that she worked in Indianapolis, Harrisburg, Virginia, and Washington D.C. "B.B." also stated that Kenneth Britton sent her to St. Louis, Missouri, to work in a "cat house." She stated that the madam of the "cat house" reported to Mr. Britton that "B.B." spent too much time talking on the telephone. When she returned to the defendant, he beat her about her body with a plunger handle for approximately twenty minutes. Details of this beating were corroborated by another victim, "D.S.", who further related that Kenneth Britton also beat "B.B." on a previous occasion in a similar manner because she had "disrespected" him by giving her money to another pimp. . . .
>
> "K.J." stated that she worked for other pimps prior to working for Kenneth Britton, and began working for the defendant in January 2002. She related that she had been beaten by the defendant on several occasions. On one occasion, Mr. Britton beat her with a plastic mini blind handle which he had wrapped in a towel and duct tape. "K.J." stated that this was one of his favorite weapons. She stated that on this occasion, he also broke a whiskey bottle over her head.

(PSR ¶¶ 14, 17.) The Court adopted these findings over Britton's objection at his sentencing hearing, finding that the Government's submissions had proven them by a preponderance of the evidence. (See Sentencing Tr. at 16:1-6.) After resolving the remaining objections to the PSR, the Court determined Britton's offense level to be 39 with a criminal history category III, which provided for a guideline imprisonment range of 324 to 405 months. (Id. at 28:21-25.) Pursuant to his plea agreement with the Government, however, Britton pleaded guilty to charges that had a statutory maximum of 300 months imprisonment. The Government had not filed any motion for cooperation at that point, and the Court found that a sentence at the statutory maximum of 300 months was appropriate after consideration of the factors set forth in 18 U.S.C. § 3553(a). (Id. at 34:1-35-:5.)

In connection with the investigation of the pimps involved in this conspiracy, the Government learned that Kevin Coleman and Shawn Dillard, two Pennsylvania State Troopers,

were generally involved with the prostitutes and passing sensitive information to them about the ongoing criminal investigation. The Government brought charges against Coleman and Dillard for this involvement with the prostitution conspiracy. Coleman pleaded guilty to obstruction of justice pursuant to a plea agreement and was sentenced on November 21, 2008, to 97 months imprisonment. After a three day trial, a jury found Dillard guilty of obstruction of justice, aiding and abetting interstate prostitution, and making false statements to the Federal Bureau of Investigation; Dillard has yet to be sentenced on these convictions. (Doc. No. 1912 at 3.) The Government is seeking a departure for Britton based on his substantial assistance in the prosecution of these two state troopers.

## II. DISCUSSION

Rule 35(b)(1) provides that the Court can reduce a previously imposed sentence if the Government moves within one year to reduce the sentence for the defendant's substantial assistance in investigating or prosecuting another person.[1] In determining whether and to what extent to grant a departure, the Court is required to conduct "a qualitative, case-by-case analysis" and also "must examine [U.S.S.G.] § 5K1.1's enumerated factors," making specific findings regarding each factor and the evidence used to reach a decision. United States v. Torres, 251 F.3d 138, 147 (3d Cir. 2001); see also United States v. McKnight, 448 F.3d 237, 238 n.1 (3d Cir. 2006) (analyzing a Rule 35(b) determination using the Torres factors). These factors are: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness,

---

[1] Neither the Government nor Britton appear to request a hearing on this motion, and the Court is not required to hold a hearing for reduction of the previously imposed sentence. See Fed. R. Crim. P. 43(b)(4). As such, the Court will decide the issue as presented in the Government's motion.

completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and (5) the timeliness of the defendant's assistance. U.S.S.G. § 5K1.1. The application notes to § 5K1.1 further provide that substantial weight should be given to the government's evaluation of the extent and value of the defendant's assistance, particularly where these factors are difficult for the Court to ascertain. U.S.S.G. § 5K1.1 Application Note 3.

The Court is not limited to the factors listed in § 5K1.1, however, but can consider all relevant facts and factors. Torres, 251 F.3d at 148. Additionally, "[t]he decision as to the extent of the departure is committed to the almost complete discretion of the district court, which may consider factors beyond the narrower set that could independently support a departure in the first instance." Id. (quoting United States v. Alvarez, 51 F.3d 36, 41 (5th Cir. 1995). In determining the proper extent of departure, the Court can consider *inter alia*: the seriousness of the crime, the impact on the crime's victims, and a comparison of a defendant's conduct to that of co-defendants. Id. Accordingly, "even if the five factors enumerated in § 5K1.1 weigh in a defendant's favor, the district court may, on the basis of other considerations . . . decide to forego or curtail a downward departure for substantial assistance." Id. (quoting United States v. Mariano, 983 F.2d 1150, 1156-57 (1st Cir.1993)).

As mentioned above, the Government recommends a 44% departure in the sentence given to Britton. The Court will consider the Government's proffered reasons for that reduction as to each factor below.

### 1. Nature, Extent, and Significance of Cooperation

The Government states that Britton cooperated in the investigation and prosecution of Trooper Dillard, specifically testifying at Dillard's trial about the trooper's practice of leaking sensitive information to women who were being prostituted. (Doc. No. 1911 at 2.) The Government found this cooperation to be significant as Britton's testimony established the charges of aiding and abetting prostitution, obstructing justice, and making false statements. (Id. at 3.) The Government points out that Dillard was acquitted on all other charges, and suggests that Britton's testimony was thus essential to Dillard's overall conviction. (Id.)

Considering the proceedings against Dillard and the Government's estimation of Britton's cooperation, the Court agrees that Britton's cooperation was significant in the overall prosecution of Dillard. The Court notes, however, that while his testimony was a part of the Government's case, the Government also produced three other witnesses who provided credible testimony that supported the charges of conviction, including Derek Maes, Tana Adkins and Melissa Jacobs. Only Maes received any benefit for his testimony, as Adkins and Jacobs have already served their sentences.

### 2. Truthfulness, Completeness, and Reliability of Information or Testimony

The Government asserts that the information Britton provided was reliable, as it was corroborated by other witnesses at trial, including Derek Maes, Tana Adkins, and Melissa Jacobs. (Id. at 4.) The Court agrees with the Government that Britton's testimony was accurate and well corroborated by other witnesses and evidence at trial.

### 3. Danger or Risk of Injury to the Defendant or Family

The Court agrees with the Government that, under the circumstances of this case, Britton's cooperation against these corrupt Pennsylvania State Troopers has not placed him or

5

his family in any serious risk of injury.

### 4. Timeliness

The Government asserts that Britton's cooperation was timely in that they were able to bring an indictment within the statute of limitations and also secure a conviction against Dillard. The Court agrees; there are no circumstances here to suggest that Britton's cooperation was untimely.

### 5. Other Considerations

In addition to the § 5K1.1 factors, the Court must consider any other relevant factors in determining whether and to what extent a reduction is warranted. An additional consideration that the Court will take into account in this case is the extremely serious nature of Britton's offense. As the Court noted when imposing the original sentence, Britton pleaded guilty to participating in a vast conspiracy notable for its breadth, length, number of victims, and violence against those victims. At the end, the pimp conspiracy was responsible for over a hundred victims, many of them juveniles. Britton was a full member of this conspiracy, admitting to personally prostituting and receiving the proceeds from ten women, including one juvenile. Britton, like other members of the conspiracy, also employed violence against the women he prostituted to instill fear and enforce his rules. This violence included brutal attacks on the women he prostituted, such as the attacks on "B.B." and "K.J." referenced above that included use of a plunger handle, mini blind rod, and a bottle. So severe was the nature of Defendant's conduct that the Defendant's guideline range before the agreed upon cap of 300 months was 324 to 405. As such, in assessing the requested reduction, the Court will consider the grievous nature of the offense and the harm it visited upon the many victims, as well as the fact that Defendant

has already benefitted from a reduced sentence by virtue of his plea bargain.

**III.    CONCLUSION**

The Court finds that the Torres factors do weigh in favor of a departure for Britton, but not the extensive departure the Government requests. Balancing the significance, reliability and timeliness of Britton's cooperation in the prosecution against Dillard against his extremely serious offense, the Court finds that the requested 132 month reduction is unwarranted. The Court will reduce Britton's sentence from 300 months imprisonment to 210 months. This sentence is based on a 30% reduction which comports with the practice in the Middle District of Pennsylvania and with the reduction awarded to other Defendants in this case. While others, such as Derek Maes and Wayne Banks, received greater credit for their cooperation on a percentage basis, those Defendants cooperated from the inception of the case and offered lengthy, detailed testimony at the trial of their co-defendants, subjecting themselves to physical harm during their lengthy periods of detention in state facilities. In part because of Maes's and Banks's testimony at their co-defendant's trial in November 2007, the Government was able to continue its investigation and present the 2008 indictments against these state troopers.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 1:05-CR-443-6 |
| : | |
| : | (Chief Judge Kane) |
| KENNETH BRITTON, : | |
| : | |
| Defendant : | |

## ORDER

**AND NOW**, on this 23rd day of December, 2009, upon consideration of the Government's motion to permit departure from Defendant Kenneth Britton's sentence (Doc. No. 1911), and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motion is **GRANTED IN PART**. The Defendant's previously imposed sentence of 300 months is reduced to a sentence of 210 months. This consists of 60 (sixty) months on Count 1 of 05-CR-443 and a term of 150 (one hundred fifty) months on Count 1 of 06-CR-91 to be served consecutively. All other provisions of the judgment entered on January 21, 2009, are unchanged.

                                           S/ Yvette Kane
                                           Yvette Kane, Chief Judge
                                           United States District Court
                                           Middle District of Pennsylvania